IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-201-BO

| | |
|---|---|
| LAURA E. REYNOLDS,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | )　　　O R D E R<br>) |
| CAMPBELL UNIVERSITY, INC.,<br>　　　　Defendant. | )<br>)<br>) |

This matter is before the Court on defendant Campbell University's motion to dismiss Count 3 of plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. [DE 15]. For the following reasons, defendant's motion is granted.

## BACKGROUND

Plaintiff brought suit on May 2, 2016, claiming discrimination based upon disability (Count One), breach of contract (Count Two), discrimination in public accommodations (count Three), failure to provide fundamental fairness and due process (Count Four), negligence (Count Five), and negligent infliction of emotional distress (Count Six) due to alleged violations during a time in which plaintiff, who was born with cerebral palsy, was a enrolled as a graduate student in the College of Pharmacy and Health Sciences Department within Campbell University. Defendant then moved to dismiss Count Three.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647– 50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the

pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)).

Plaintiff brings claims under both Title III of the Americans with Disabilities Act (ADA)/Section 504 of the Rehabilitation Act (RA) and the North Carolina Persons with Disabilities Protection Act (NCPDPA), N.C. Gen. Stat. §168A-11.

The section of the NCPDPA relevant to the motion to dismiss reads:

> No court shall have jurisdiction over an action filed under this Chapter where the plaintiff has commenced federal judicial or administrative proceedings under Section 503 or Section 504 of the Vocational Rehabilitation Act of 1973, 29 U.S.C. §§ 793 and 794, as amended, or federal regulations promulgated under those sections; or under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., as amended, or federal regulations promulgated under that Act, involving or arising out of the facts and circumstances involved in the alleged discriminatory practice under this Chapter. If such proceedings are commenced after a civil action has been commenced under this Chapter, the State court's jurisdiction over the civil action shall end and the action shall be forthwith dismissed.

N.C. Gen. Stat. § 168A-11(c). Plaintiff admits that the factual basis for Counts Three is the same as that for Count One. [DE 20].

This language in the NCPDPA limits its availability as a cause of action when the plaintiff also pursues a claim under the Rehabilitation Act or ADA. Accordingly, courts in North Carolina have regularly "dismiss[ed] claims under the NCPDPA when they arise out of the same facts as a claim under the ADA." *Spivey v. Research Triangle Reg'l Pub. Transp. Auth.*, 2015 U.S. Dist. LEXIS 124775, *51 (E.D.N.C. Aug. 10, 2015) (citing *Sheaffer v. Cnty. of Chatham*, 337 F. Supp. 2d 709, 734 (M.D.N.C. 2004); *Cone ex rel. Cone v. Randolph Cnty. Sch.*, 302 F. Supp. 2d 500, 514 (M.D.N.C. 2004), *aff'd*, 103 F. App'x 731 (4th Cir. July 16, 2004)). Here, the

2

Court finds no reason to depart from this interpretation of the plain language of the NCPDPA. As plaintiff has conceded that the two claims have the same factual basis, the NCPDPA claim (Count Three) must fail.

## CONCLUSION

For the reasons discussed above, defendant's partial motion to dismiss is GRANTED. [DE 15]. Count Three is hereby DISMISSED.

SO ORDERED, this __19__ day of August, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE